**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| DAVID ONG, )<br>)<br>         **Plaintiff,** )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL, )<br>Acting Commissioner of Social Security, )<br>)<br>         **Defendant.** )<br>_____) | **CIVIL ACTION**<br><br>**No. 17-2316-JWL** |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits pursuant to sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act).  Finding no error, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

**I.      Background**

Plaintiff argues that the Administrative Law Judge (ALJ) erred in finding his condition does not meet or medically equal Listing 12.02, Organic Mental Disorders, and that she erred in weighing the medical opinions of Mr. Keough, M.A., Ms. Epperson,

M.S., Dr. Poje, and Dr. Israel, all psychologists licensed in the states of Missouri or Kansas.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is

not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. §§ 404.1520(e), 416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, considering the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of

past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court considers the issues presented in Plaintiff's Brief and finds no error in the ALJ's decision.

## II.  Discussion

Plaintiff's argument that the ALJ erred in evaluating his impairments pursuant to Listing 12.02 is based on his testimony, on the opinions of Mr. Keough, Ms. Epperson, and Dr. Poje, and on the lay opinions of his friend and his sisters. (Pl. Br. 13-17). Thus, Plaintiff's Listing argument rests on whether the ALJ properly discounted Plaintiff's testimony and properly weighed the opinion evidence. The ALJ found that Plaintiff's statements regarding his symptoms "are not entirely credible." (R. 19). He made this finding because Plaintiff's "activities of daily living are inconsistent with his allegations," his "treatment has been routine, infrequent, and conservative, . . . [and] he has not been entirely compliant with recommended treatment and medication," id. at 20, he worked only sporadically before his alleged onset of disability, and the medical records reveal inconsistencies, and "apparent malingering." (R. 20). Plaintiff makes no argument that the ALJ erred in his findings in this regard, and the record evidence supports those findings. It was proper for the ALJ to discount Plaintiff's allegations of symptoms.

"Medical opinions are statements from physicians and psychologists or other acceptable medical sources[1] that reflect judgments about the nature and severity of [a claimant's] impairment(s) including [claimant's] symptoms, diagnosis and prognosis." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). Such opinions may not be ignored and, unless a treating source opinion is given controlling weight, <u>all</u> medical opinions will be evaluated by the Commissioner in accordance with factors contained in the regulations. <u>Id.</u> §§ 404.1527(c), 416.927(c); <u>Soc. Sec. Ruling</u> (SSR) 96-5p, West's Soc. Sec. Reporting Serv., Rulings 123-24 (Supp. 2017). Here, Plaintiff does not argue that there is a treating source opinion which was worthy of controlling weight or even deference, and the medical opinions at issue here are the opinions of nontreating sources who examined Plaintiff and provided a report of that examination, except for the opinion of Dr. Isenberg, a state agency consultant psychologist, a nonexamining source who reviewed the record, including the reports of Mr. Keough and Dr. Israel, and provided his opinion. (R. 22-24). The ALJ also considered and weighed the opinions of Ms. Caldwell, Ms. Siverinac, and Plaintiff's sisters, Ms. Marks, an Ms. Pettus. (R. 23-25).

---

[1]The regulations define three types of "acceptable medical sources:"

"Treating source:" an "acceptable medical source" who has provided the claimant with medical treatment or evaluation in an ongoing treatment relationship. 20 C.F.R. §§ 404.1502, 416.902.

"Nontreating source:" an "acceptable medical source" who has examined the claimant, but never had a treatment relationship. <u>Id.</u>

"Nonexamining source:" an "acceptable medical source" who has not examined the claimant, but provides a medical opinion. <u>Id.</u>

The ALJ afforded partial weight to the opinion of Mr. Keough because although she found Mr. Keough's opinion "somewhat consistent with the weight of the evidence," she found that Mr. Keough's opinions regarding "marked limitations are not supported by the claimant's mental status examinations," and "are not consistent with the claimant's tendency to over-report his problems." (R. 22). In arguing that the ALJ erred in weighing the medical opinions, Plaintiff summarizes Mr. Keough's opinion and argues that it is "mutually supportive" with the opinions of Ms. Eperson and Dr. Poje, but he does not show any error in the ALJ's reasons for discounting Mr. Keough's opinion. Those reasons are supported by the record evidence, and the court may not substitute its judgment for that of the ALJ.

Dr. Israel also examined Plaintiff and issued a report of that examination. (R. 410-13). The ALJ afforded significant weight to Dr. Israel's opinion, focusing primarily on Plaintiff's "apparent malingering." (R. 21). She specifically noted:

> the claimant reported he could not drive due to his seizures. However, he drove to the evaluation with Dr. Israel and he reported driving in his functional report only two months earlier. Additionally, Dr. Israel noted the claimant's treatment notes indicate he is seizure free with medication. Dr. Israel noted the claimant tried to present he was extremely hopeless, helpless, and highly depressed. Dr. Israel further noted the claimant demonstrated a lack of desire to admit to issues that may indicate he is more capable of working than he wanted to say he was. Specifically, during the evaluation, the claimant denied working since the summer of 2012. However, Dr. Israel challenged this report after he noticed the claimant had very calloused, dirty, and hardened hands. The claimant initially denied doing any type of work activities at home. However, he later admitted he had recently built a fence around the house for his girlfriend. Moreover, Dr. Israel noted the claimant initially responded "I don't know" to multiple questions on the Wechsler Memory Scale-4th Edition (WMS-IV) exam. However, after he was reminded to make a full

> effort and he responded honestly, he fell in the average to low-average
> range in all areas of memory with no specific weaknesses.

(R. 21) (citations omitted). The ALJ concluded her evaluation of Dr. Israel's opinion:

> Dr. Israel opined the claimant could understand and remember simple
> instructions, persist and concentrate on tasks, interact socially, and adapt to
> a simple work-related environment. Dr. Israel had the benefit of interacting
> with the claimant and his opinion is based on his area of expertise and
> consistent with the totality of the evidence and the claimant's activities of
> daily living. As a result, I have given Dr. Israel's opinion significant
> weight.

(R. 23) (citation omitted).

Plaintiff argues that the ALJ's evaluation "seems disingenuous" because Mr. Keough, Ms. Epperson, and Dr. Poje all interacted with Plaintiff and all opined based on their area of expertise. (Pl. Br. 21). However, those are not the only reasons given to credit Dr. Israel's opinion, and Plaintiff says nothing regarding the consistency of Dr. Israel's opinion with the totality of the evidence and claimant's daily activities, or Dr. Israel's opinion regarding Plaintiff's negative presentation or apparent malingering. Yet, the record evidence supports the ALJ's findings.

The ALJ accorded significant weight to the opinion of the state agency psychological consultant, Dr. Isenberg because it was based on his area of expertise, was consistent with the weight of the evidence and with Plaintiff's activities of daily living and because Plaintiff's consultative examinations suggest he overstates his symptoms and limitations. (R. 23). Plaintiff makes no argument that the ALJ erred in evaluating Dr. Isenberg's opinion, and does not even mention the state agency consultant's opinion.

The ALJ accorded Ms. Epperson's opinion very little weight because it was based on a single examination, utilizes a disability standard different than the Social Security Administration, and concerns an issue reserved to the Commissioner. (R. 23). As with his argument regarding Mr. Keough's opinion, Plaintiff summarizes Ms. Epperson's opinion, but he does not show any error in the ALJ's reasons for discounting her opinion. Once again, the ALJ's reasons are supported by the record evidence, and the court may not substitute its judgment for that of the ALJ.

The ALJ summarized Dr. Poje's opinion and accorded it partial weight:

> In October 2014, the claimant underwent a psychological consultative evaluation performed by Albert Poje, Ph.D.. During the evaluation, he reported multiple psychological problems following his head injury including anger outbursts, crying spells, and suicidal ideation three times per month. Dr. Poje conducted a mental status examination and noted the claimant was alert and oriented with fluent speech, fair insight and judgment, moderately to severely impaired memory, and a modestly expansive, but somewhat impulsive and attention-seeking mood. In conjunction with the evaluation, the claimant took the Wechsler Test of Adult Reading (WTAR) and the Wechsler Abbreviated Scale of Intelligence (WASI) exams. The claimant's performance on the WTAR predicted average to low-average overall cognitive ability based on his demographic background and reading ability. However, his performance on the WASI exam earned him a full-scale IQ score of 56 in the mild mental retardation range. After the evaluation, Dr. Poje gave the claimant a global assessment of functioning (GAF) score of 31-40 and diagnosed him with a cognitive disorder. Dr. Poje noted the claimant's Personality Assessment Inventory (PAI) profile was suggestive of a tendency to over-report problems and present himself in an especially negative or pathological manner. Dr. Poje also noted his findings may potentially underestimate the claimant's true cognitive abilities. Dr. Poje opined his findings are consistent with gross cognitive deficits which are sufficient to impact the claimant's daily functioning and render him functionally disabled. Dr. Poje's opinion is based on a single interaction with the claimant, concerns an issue reserved to the Commissioner, and is inconsistent with his own interpretation that his findings may underestimate the claimant's true abilities and the claimant's PAI profile that suggests the

>   claimant has a tendency to over-report his problems and present himself in an especially negative or pathological manner.  Therefore, Dr. Poje's opinion is given only partial weight.

(R. 24) (citations omitted).  Plaintiff summarized Dr. Poje's opinion and relied upon it to suggest that the ALJ erred in evaluating the opinion evidence, but as with the ALJ's evaluation of the other opinions, he did not show error in the reasons given by the ALJ to discount Dr. Poje's opinion.  Those reasons are supported by the record evidence, and the court may not substitute its judgment for that of the ALJ.

The ALJ also evaluated the opinions of Plaintiff's friend and sisters and explained why he accorded them little weight.  (R. 24-25).  But once again, Plaintiff merely argues that those opinions support the opinions of Mr. Keough, Ms. Epperson, and Dr. Poje, but does not demonstrate any error in the ALJ's evaluation.  (Pl. Br. 20-21).  That is insufficient.

Plaintiff has shown no error in the ALJ's evaluation of the opinion evidence or in his evaluation of Plaintiff's allegation of disabling symptoms.  Having failed to show error in these matters, Plaintiff cannot prevail in his argument that his condition meets or medically equals the criteria of Listing 12.02 for Organic Mental Disorders.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's decision.

Dated May 4, 2018, at Kansas City, Kansas.

                                        s:/ John W. Lungstrum
                                        **John W. Lungstrum**
                                        **United States District Judge**